UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING SAMM,<br><br>        Petitioner,<br><br>    v.<br><br>GENA JONES,<br><br>        Respondent. | No.  2:24-cv-1987 DJC CSK P<br><br><br>ORDER |

      Petitioner is a state prisoner proceeding pro se and in forma pauperis.  This action was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  On October 10, 2024, respondent filed a motion to dismiss this action on the grounds that the habeas petition fails to state a viable claim for relief arguing petitioner's claims are unintelligible.  (ECF No. 10.)  On October 30, 2024, petitioner filed a motion to amend, but did not file an opposition to the motion to dismiss.  Respondent did not file an opposition to the motion to amend.  As discussed below, respondent's motion to dismiss is granted, petitioner's motion to amend is granted, and petitioner's first amended petition is dismissed with leave to file a second amended petition.

I.    SECTION 2254 PETITION

      Petitioner sets forth three grounds for relief:  (1) denial of due process and equal protection; (2) actual and factual innocence; and (3) ineffective assistance of counsel.  (ECF No. 1 at 4-5.)

II.   BACKGROUND

On October 21, 2019, in the Yolo County Superior Court, a jury convicted petitioner of "kidnapping, vandalism, infliction of corporal injury on a person with whom [petitioner] ha[d] a dating relationship, making a criminal threat, and false imprisonment." People v. Samm, No. C090684 (Cal. Ct. Appeal Oct. 21, 2019).[1]  Petitioner filed an appeal.  Id.  On July 2, 2021, petitioner's case was remanded to the Yolo County Superior Court "to allow the trial court to clarify its sentencing choices, consider whether the sentences for infliction of corporal injury and false imprisonment must be stayed, and resentence [petitioner] as appropriate."  Id. at 2.  The judgment was otherwise affirmed.  Id.

After the case was remanded, petitioner filed a "motion to reverse void judgment," which the prosecution opposed as "procedurally improper and meritless,"[2] and at an August 2021 hearing, the trial court declined to consider petitioner's motion because he had failed to bring his claims by proper civil or habeas corpus procedures and because "the motion itself [did not] make any sense."  People v. Samm, No. C096268, at 3 (Cal. Ct. Appeal Dec. 8, 2022).  Later, petitioner

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.  This California state court website contains decisions from California Courts of Appeal and the California Supreme Court.  Thus, references to decisions made in the Yolo County Superior Court are taken from decisions issued by the California Court of Appeal, Third Appellate District, and may not include information, such as the specific day of the month a particular hearing took place.

[2] Petitioner argued the judgment was void because it was "entered for lack of jurisdiction in the first instance as evidenced by the respondent's confession of judgment lodged in the record." People v. Samm, No. C096268, at 2 (Cal. Ct. Appeal Dec. 8, 2022).  According to petitioner's motion, he had filed a motion for discovery under the Administrative Procedures Act and thereafter obtained some form of civil judgment by default against the People in Alameda County Superior Court.  Id.  Based on the purported default, petitioner argued that the People and the trial court lacked personal and subject matter jurisdiction over him in the criminal proceedings because he was unlawfully charged by a defective charging instrument; that his trial counsel was ineffective because counsel failed to provide a "validity test" to the charging document; and that the prosecutor violated discovery obligations under Brady v. Maryland, 373 U.S. 83, 87 (1963).  Id. at 2-3.  The default was subsequently set aside by the Alameda County Superior Court.  Id. at 3.

1  refiled his motion to reverse void judgment, which was reset, and petitioner subsequently filed a

2  motion to strike the prosecution's opposition.  Id.

3      At the sentencing hearing in May 2022,

> the trial court found that section 654 did not apply to the infliction of corporal injury and false imprisonment counts, and clarified for the record that it originally had understood its discretion to impose consecutive or concurrent sentences regarding the kidnapping offenses. The court found no reason to change [petitioner's] sentence and confirmed his original sentence.

Id.  Later that same day, a different state court judge considered petitioner's motion to reverse the judgment and to strike the prosecution's opposition.  Id.  The prosecution argued petitioner's motion was procedurally improper, and "that no principle of law allows a default in a civil action from a different jurisdiction to deprive the court of jurisdiction in the pending criminal matter," but noted the default had been set aside.  Id.  The court agreed, noting petitioner's "motion was difficult to discern and procedurally improper, finding that [petitioner's] alleged claims were more properly raised in a habeas corpus petition," and denied both motions.  Id. at 3-4.

Petitioner filed a timely appeal, and was appointed counsel, who filed a brief under People v. Wende, 25 Cal. 3d 436 (1979).  Samm, No. C096268, at 4.  Petitioner then filed a pro se supplemental brief again claiming the judgment should be set aside as void because the trial court lacked jurisdiction to enter it in light of the default purportedly obtained against the People in Alameda County.  Id.  The court of appeal noted that petitioner "offered no reasoned argument or legal authority as to why the trial court erred in denying the motion, but rather attached his motion papers from below, which largely referenced inapplicable abstract legal concepts pertaining to exhaustion of administrative remedies, confessions of judgment, and settlement agreements."  Id.  The court of appeal found that petitioner provided no basis to conclude the court erred in denying the motion, and cited "no authority . . . that a civil default from a court in one county, which has since been set aside by the issuing court, somehow deprives a court in a different county of jurisdiction to enter a criminal judgment."  Id.  The court of appeal agreed with the trial court that petitioner's allegations regarding a purportedly defective charging document or ineffective assistance of counsel were more properly raised in a petition for habeas

3

1  corpus. Following examination of the record, the court of appeal found no arguable error and
2  affirmed the judgment on December 8, 2022. Id. at 5.
3      On January 9, 2023, petitioner filed a petition for review in the California Supreme Court.
4  People v. Samm, No. S278002 (Cal. Sup. Ct.). On February 15, 2023, the petition for review was
5  denied without comment. Id.
6      On March 6, 2024, petitioner filed a petition for writ of habeas corpus in the California
7  Supreme Court. Samm (Sterling) on H.C., No. S284132 (Cal. S. Ct.). The petition for writ of
8  habeas corpus was denied on July 10, 2024. Id.
9  III.    MOTION TO DISMISS
10     A.  Governing Standards
11     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
12 petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the
13 petitioner is not entitled to relief in the district court. . . ." Rule 4, R. Gov. § 2254 Cases. The
14 Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a
15 request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g.,
16 O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the Court reviews
17 respondent's motion to dismiss pursuant to its authority under Rule 4.
18     Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall
19 specify all the grounds for relief which are available to the petitioner and of which he has or by
20 the exercise of reasonable diligence should have knowledge and shall set forth in summary form
21 the facts supporting each of the grounds thus specified." Rule 2(c), R. Gov. § 2254 Cases.
22 Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory
23 Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is
24 expected to state facts that point to a real possibility of constitutional error." Advisory Comm.
25 Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).
26     B.  Discussion
27     Respondent's motion to dismiss is well taken. Petitioner failed to set forth specific facts
28 supporting the conclusory grounds upon which he relies, and failed to identify the relief he seeks.

4

Frasier v. Hernandez, 2007 WL 1300063, at *3 (S.D. Cal. 2007).  "In order to satisfy Rule 2(c), facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted."  Id. (emphasis in original).  As argued by respondent, petitioner's claims are conclusory, unsupported by facts, and unintelligible.

Petitioner did not file an opposition, choosing instead to file a motion to amend.  In light of petitioner's failure to comply with Rule 2(c) and his nonopposition to the motion to dismiss, the Court grants respondent's motion to dismiss the petition.  Petitioner is granted leave to file the first amended petition, which he submitted with his motion to amend.

IV.     FIRST AMENDED PETITION

   A. Petitioner's Four Grounds for Relief

First, petitioner claims he was denied his Fourteenth Amendment rights under Brady v. Maryland, 373 U.S. 83, 87 (1963), when the People failed to disclose a verified charging instrument under California Penal Code § 1054.9.  (ECF No. 12 at 7.)

Second, petitioner alleges he was denied his Sixth Amendment right to the effective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984), when appellate counsel failed to submit documents related to the People's confession of judgment in Alameda County Superior Court, No. RG20078772.  (Id.)

Third, petitioner claims he is actually innocent based on a default judgment granted in his favor and against the People in a private administrative court of record, of admiralty jurisdiction in Alameda County Superior Court, No. RG20078772.  (Id.)

Fourth, petitioner claims the state court violated his Fourteenth Amendment due process rights by allegedly not conducting an appellate proceeding under California Rule of Court 8.405.

Petitioner asks the Court to issue an order to show cause, reverse and vacate the void judgment for lack of jurisdiction in the first instance, and discharge petitioner from custody.  (Id.)

   B. Discussion

Petitioner's first amended petition ("FAP") suffers from many of the same defects as the original petition.  The Court addresses petitioner's amended grounds in reverse order.

1    In petitioner's ground 4, he claims the state court violated his Fourteenth Amendment due process rights by allegedly not conducting an appellate proceeding under California Rule of Court 8.405.[3] But it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute dictates that a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Courts have repeatedly held that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68. Further, use of the term "due process" does not transform petitioner's claim regarding the state court's laws or court rules into a cognizable claim of the violation of a federal constitutional right. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (stating that petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). Thus, petitioner's claim that the state court failed to conduct an appellate proceeding under the California Rules of Court fails to state a cognizable federal habeas claim.

In grounds two and three, petitioner again relies on a purported default judgment entered in the "Private Administrative Court of Record, of Admiralty Jurisdiction in case no. 4:20-cv-00419, and registered in the Alameda County Superior Court in case no. RG20078772." (ECF No. 12 at 7.) Such reliance is unavailing. Petitioner provides no facts or legal authorities showing how his putative claims based on this alleged default judgment from the Alameda County Superior Court could have any plausible bearing on petitioner's criminal conviction in the Yolo County Superior Court, or present a violation of the Constitution or federal law. Just as he failed to do in state court, petitioner again cited "no authority . . . that a civil default from a court in one county, which has since been set aside by the issuing court, somehow deprives a court in a different county of jurisdiction to enter a criminal judgment." Samm, No. C096268 at 4.

---

[3] California Rule of Court 8.405 addresses "filing the appeal." Id.

1 Moreover, the default judgment was subsequently set aside, id. at 3, and therefore no longer has any legal effect. Thus, any claims based on the purported default judgment, including petitioner's new claims identified as grounds 2 and 3, fail to state a cognizable habeas claim.

Finally, petitioner's first claim is too vague and conclusory for the Court to determine whether petitioner can amend to state a cognizable federal habeas claim under Brady, 373 U.S. at 87. Petitioner claims his Brady rights were violated when the People failed to disclose a verified charging instrument under California Penal Code § 1054.9.

California Penal Code § 1054.9 provides:

> In a case in which a defendant is or has ever been convicted of a serious felony or a violent felony resulting in a sentence of 15 years or more, upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment, or in preparation to file that writ or motion, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, except as provided in subdivision (b) or (d), order that the defendant be provided reasonable access to any of the materials described in subdivision (c).

Cal. Penal Code § 1054.9. "A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused." Youngblood v. W. Virginia, 547 U.S. 867, 869 (2006). "Evidence is material only if there is a reasonable probability that, had [it] been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is [one] sufficient to undermine confidence in the outcome." Garding v. Montana Dep't of Corr., 105 F.4th 1247, 1259 (9th Cir. 2024) (internal quotation marks and citations omitted).

If petitioner is attempting to raise a Brady claim based on the purported default judgment in Alameda county, such effort is unavailing, as explained above. Petitioner should not file a second amended petition raising a claim based on the purported default judgment that has now been set aside. In addition, in the FAP, petitioner fails to identify the "verified charging instrument" to which he refers, and provides no facts surrounding the alleged failure to disclose. As currently pled, petitioner fails to allege a cognizable Brady claim.[4] In an abundance of

---

[4] In state court, petitioner argued that the charging instrument was defective. However, "[t]he 'sufficiency of an indictment or information is primarily a question of state law.'" Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991) (quoting Franklin v. White, 803 F.2d 416, 418 (8th Cir. 1986); see also Kilgore v. Bowersox, 124 F.3d 985, 993 (8th Cir. 1997) ("Federal court

7

caution, petitioner is granted one final opportunity to amend. In the second amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims. Respondent is relieved of the obligation to file a responsive pleading pending further order of Court.

VI.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 10) is granted.

2. The petition (ECF No. 1) is dismissed.

3. Petitioner's motion to amend (ECF No. 12) is granted.

4. The Clerk of the Court is directed to file and separately docket petitioner's first amended petition (ECF No. 12 at 4-8).

5. Petitioner's first amended petition is dismissed with leave to amend.

6. Petitioner is granted thirty days from the date of this order to file a second amended petition.

7. Failure to file a second amended petition will result in a recommendation that this action be dismissed.

Dated:  March 14, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/samm1987.mtd

---

review of the sufficiency of an information is limited to whether it was constitutionally deficient; whether it comported with requirements of state law is a question for state courts.")

8