UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING SAMM,<br><br>    Petitioner,<br><br>    v.<br><br>GENA JONES,<br><br>    Respondent. | No. 2:24-cv-1987 DJC CSK P<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis. This action was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner's second amended petition and two subsequent filings are before the Court. As discussed below, the Court recommends that the second amended petition be summarily dismissed, and this action be dismissed with prejudice.

I.    PROCEDURAL BACKGROUND

    On March 14, 2025, respondent's motion to dismiss was granted and petitioner's motion to amend was granted (ECF No. 15.) The Court screened petitioner's first amended petition, and dismissed the first amended petition with leave to amend. (Id.) On March 28, 2025, petitioner filed a second amended petition, and asked the Court to take judicial notice of state court records appended to his request. (ECF Nos. 16, 17.) On April 21, 2025, petitioner filed a document styled, "Second Amended Petition for Writ of Mandate/Prohibition/Injunction." (ECF No. 18.)

1

II.     SECOND AMENDED PETITION

Petitioner alleges he was "unlawfully charged by a defective charging instrument" in violation of his Fourteenth Amendment rights. (ECF No. 16 at 2.) Petitioner sets forth two claims for relief: (1) ineffective assistance of counsel based on trial counsel's failure to have the trial court and prosecution establish jurisdiction and a verified charging instrument (citing Cal. Penal Code § 859); and (2) petitioner was denied the right to appeal in violation of petitioner's Fourteenth Amendment rights. (ECF No. 16 at 3.)

III.    BACKGROUND

On October 21, 2019, in the Yolo County Superior Court, a jury convicted petitioner of "kidnapping, vandalism, infliction of corporal injury on a person with whom [petitioner] ha[d] a dating relationship, making a criminal threat, and false imprisonment." People v. Samm, No. C090684, 2021 WL 2766530, at *1 (Cal. Ct. App. July 2, 2021) (unpublished).[1] Petitioner filed an appeal. Id. On July 2, 2021, petitioner's case was remanded to the Yolo County Superior Court "to allow the trial court to clarify its sentencing choices, consider whether the sentences for infliction of corporal injury and false imprisonment must be stayed, and resentence [petitioner] as appropriate." Id. at *6. The judgment was otherwise affirmed. Id.

After the case was remanded, petitioner filed a "motion to reverse void judgment," which the prosecution opposed as "procedurally improper and meritless,"[2] and at an August 2021

---

[1] In addition to the unpublished decisions available on Westlaw, the Court reviewed the state court dockets. The Court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov. This California state court website contains decisions from California Courts of Appeal and the California Supreme Court. Thus, references to decisions made in the Yolo County Superior Court are taken from decisions issued by the California Court of Appeal, Third Appellate District, and may not include information, such as the specific day of the month a particular hearing took place.

[2] Petitioner argued the judgment was void because it was "entered for lack of jurisdiction in the first instance as evidenced by the respondent's confession of judgment lodged in the record." People v. Samm, No. C096268, 2022 WL 17494198, at *1 (Cal. Ct. App. Dec. 8, 2022) (unpublished). According to petitioner's motion, he had filed a motion for discovery under the Administrative Procedures Act and thereafter obtained some form of civil judgment by default

hearing, the trial court declined to consider petitioner's motion because he had failed to bring his claims by proper civil or habeas corpus procedures and because "the motion itself [did not] make any sense." People v. Samm, No. C096268, 2022 WL 17494198, at *1 (Cal. Ct. App. Dec. 8, 2022). Later, petitioner refiled his motion to reverse void judgment, which was reset, and petitioner subsequently filed a motion to strike the prosecution's opposition. Id.

At the sentencing hearing in May 2022,

> the trial court found that section 654 did not apply to the infliction of corporal injury and false imprisonment counts, and clarified for the record that it originally had understood its discretion to impose consecutive or concurrent sentences regarding the kidnapping offenses. The court found no reason to change [petitioner's] sentence and confirmed his original sentence.

Id. Later that same day, a different state court judge considered petitioner's motion to reverse the judgment and to strike the prosecution's opposition. Id. at *2. The prosecution argued petitioner's motion was procedurally improper, and "that no principle of law allows a default in a civil action from a different jurisdiction to deprive the court of jurisdiction in the pending criminal matter," but noted the default had been set aside. Id. The court agreed, noting petitioner's "motion was difficult to discern and procedurally improper, finding that [petitioner's] alleged claims were more properly raised in a habeas corpus petition," and denied both motions. Id.

Petitioner filed a timely appeal, and was appointed counsel, who filed a brief under People v. Wende, 25 Cal. 3d 436 (1979). Samm, 2022 WL 17494198, at *2. Petitioner then filed a pro se supplemental brief again claiming the judgment should be set aside as void because the trial court lacked jurisdiction to enter it in light of the default purportedly obtained against the People in Alameda County. Id. The court of appeal noted that petitioner "offered no reasoned argument

---

against the People in Alameda County Superior Court. Id. Based on the purported default, petitioner argued that the People and the trial court lacked personal and subject matter jurisdiction over him in the criminal proceedings because he was unlawfully charged by a defective charging instrument; that his trial counsel was ineffective because counsel failed to provide a "validity test" to the charging document; and that the prosecutor violated discovery obligations under Brady v. Maryland, 373 U.S. 83, 87 (1963). Id. The default was subsequently set aside by the Alameda County Superior Court. Id. at *2.

or legal authority as to why the trial court erred in denying the motion, but rather attached his motion papers from below, which largely referenced inapplicable abstract legal concepts pertaining to exhaustion of administrative remedies, confessions of judgment, and settlement agreements." Id.  The court of appeal found that petitioner provided no basis to conclude the court erred in denying the motion, and cited "no authority . . . that a civil default from a court in one county, which has since been set aside by the issuing court, somehow deprives a court in a different county of jurisdiction to enter a criminal judgment." Id.  The court of appeal agreed with the trial court that petitioner's allegations regarding a purportedly defective charging document or ineffective assistance of counsel were more properly raised in a petition for habeas corpus.  Following examination of the record, the court of appeal found no arguable error and affirmed the judgment on December 8, 2022.  Id. at *2-3.

On January 9, 2023, petitioner filed a petition for review in the California Supreme Court. People v. Samm, No. S278002 (Cal. Sup. Ct.).  On February 15, 2023, the petition for review was denied without comment.  Id.

On March 6, 2024, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  Samm (Sterling) on H.C., No. S284132 (Cal. S. Ct.).  The petition for writ of habeas corpus was denied on July 10, 2024.  Id.

On July 18, 2024, petitioner constructively filed his federal petition.  (ECF No. 1 at 7.)

IV.  SECOND AMENDED PETITION

A.  Governing Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, R. Gov. § 2254 Cases.  This rule allows courts to screen and dismiss petitions that are "facially defective."  Neiss v. Bludworth, 114 F.4th 1038, 1045 (9th Cir. 2024) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).)  "Rule 4 also permits summary dismissal of 'claims that are clearly not cognizable.'"  Neiss, 114 F.4th at 1045 (citing Clayton v. Biter, 868 F.3d 840, 845 (9th Cir. 2017).  "Dismissal on the basis of lack of cognizability is appropriate only where the allegations

in the petition are 'vague,' 'conclusory,' 'palpably incredible,' or 'patently frivolous or false.'" Id. (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977) (citation omitted)); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). "Rule 4 dismissal is not appropriate simply because a petition will ultimately fail on the merits. Neiss, 114 F.4th at 1041.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), R. Gov. § 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Comm. Notes to Rule 4; see Blackledge, 431 U.S. at 75, n.7.

### B. Petitioner's First Claim for Relief

First, petitioner claims he was denied his Sixth Amendment right to the effective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984), when counsel failed to have the trial court and prosecution establish jurisdiction and a verified charging instrument. (ECF No. 16 at 3.) Petitioner alleges that counsel's failures to (a) establish the prosecution and trial court's authority and jurisdiction, and (b) investigate to determine the validity of the charging instrument were constitutionally ineffective fell below the Strickland standard. (Id.) Petitioner argues that counsel had a responsibility and duty to interpose a valid objection, and counsel's failure to do so prejudiced petitioner, resulting in the violation of petitioner's Sixth Amendment rights. (Id. at 4.)

#### 1. Governing Standards

To state an ineffective assistance of counsel claims, petitioners must set forth facts supporting both prongs of the test identified in Strickland, 466 U.S. at 692, 694. Strickland requires petitioners to establish (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defense. Id.

///

      *2. Discussion*

Petitioner provided no facts demonstrating the prosecution did not have the authority to prosecute petitioner, that the trial court did not have jurisdiction over the charges brought against petitioner, or that the charging document was defective, to support his putative ineffective assistance of counsel claim. See Strickland, 466 U.S. at 690 (stating that a petitioner making an ineffective assistance of counsel claim must identify the particular acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment). In this claim, petitioner alleges that trial counsel failed to object, but offers no specific facts showing there was a viable basis for trial counsel to object, or why trial counsel's failures to object were deficient or unreasonable. For example, he fails to explain how the charging document was invalid. "[A]llegations which are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Further, petitioner's allegation concerning prejudice is conclusory, merely stating "counsel's failure was prejudice." (ECF No. 16 at 4.) Petitioner fails to set forth facts showing that but for trial counsel's failure to object to the prosecution and trial court's authority and jurisdiction, and failure to challenge the charging document as defective, the outcome of this case would have been different. Petitioner's first claim should be dismissed.

Petitioner has had three opportunities to file a petition for writ of habeas corpus that states a cognizable habeas claim, but has consistently failed to set forth facts supporting a cognizable claim for relief. Petitioner's ineffective assistance of counsel claim is too vague and conclusory to meet the requirements of Rule 4. The Court recommends that petitioner's first claim be summarily dismissed without prejudice, but without leave to amend.

    C.  Petitioner's Second Claim for Relief

In his second claim, petitioner alleges he was denied his right to appeal, in violation of the Fourteenth Amendment, when the California Third District Court of Appeal "misrepresented the petitioner, failing to allege claims of defective charging document or ineffective assistance of counsel by habeas corpus." (Id. at 4 (citing People v. Samm, No. C096269, at 3 (Cal. Ct. Appeal

///

6

Dec. 8, 2022)). Petitioner contends that the state court of appeal failed to respond or address petitioner's ineffective assistance of counsel claim and his Fourteenth Amendment claim. (Id.)

However, as petitioner was previously informed, it is only noncompliance with federal law that renders a state court's criminal judgment susceptible to collateral attack in the federal courts. (ECF No. 15 at 6.) The habeas statute dictates that a federal court may issue the writ to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Courts have repeatedly held that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68.

Further, petitioner's reliance on an alleged "due process" violation does not transform petitioner's claim regarding the state court's laws or court rules into a cognizable claim of the violation of a federal constitutional right. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (stating that petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). Thus, petitioner's arguments that the state court "failed to respond to or even address the petitioner's claims of Sixth Amendment ineffective assistance of counsel," or the violation of petitioner's due process rights based on the allegedly defective charging document fail to state a cognizable federal habeas claim. (ECF No. 16 at 4.)

Finally, this Court lacks subject matter jurisdiction over petitioner's challenge to the California appellate court's December 8, 2022 decision. Petitioner must seek review by filing a petition for a writ of certiorari in the United States Supreme Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (Federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Only the United States Supreme Court may review those decisions.); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Mothershed v. Justices of Supreme Ct., 410 F.3d 602, 606 (9th Cir. 2005) ("Under Rooker-Feldman, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review

by filing a petition for a writ of certiorari in the Supreme Court of the United States."), <u>as amended on denial of reh'g</u> (July 21, 2005), <u>op. amended on denial of reh'g</u>, 2005 WL 1692466 (9th Cir. July 21, 2005); <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136, 1139 (9th Cir. 2004) (Rooker-Feldman doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.").

Therefore, petitioner's second claim must be dismissed with prejudice. Because the deficiencies in petitioner's second claim cannot be cured by amendment, petitioner is denied leave to amend as to his second claim because such amendment would be futile.

IV.     PETITION FOR WRIT OF MANDATE

    A. <u>Applicable Legal Standards</u>

Title 28 U.S.C. § 1361 confers upon the district courts original jurisdiction of any action in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof" to perform a duty owed to the petitioner. 28 U.S.C. § 1361. Although 28 U.S.C. § 1651 states that all courts established by Act of Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the federal courts lack subject matter jurisdiction to issue a writ of mandamus to a state agency or official. See <u>Demos v. United States District Court for the E. Dist. of Wash.</u>, 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("to the extent that Demos attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"). In turn, California Code of Civil Procedure § 1085 "authorizes only state courts to issue writs of mandate." <u>Hill v. County of Sacramento</u>, 466 F. App'x. 577, 579 (9th Cir. 2012).

    B. <u>Discussion</u>

This Court has a duty to determine its own subject matter jurisdiction, which may be raised on the court's own motion at any time. See Fed. R. Civ. P. 12(h)(3); <u>Csibi v. Fustos</u>, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citation omitted). Jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a)(1). A court will not infer allegations supporting federal jurisdiction and is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. <u>Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).

1    Here, petitioner alleges there was an absence of felony complaint jurisdiction for his
2 underlying criminal conviction, and that respondent and state authorities failed to perform or
3 refused to perform their legal duties as set forth in the California Constitution and various state
4 laws and regulations.  (ECF No. 18 at 3, 5, 18, 24, 48.)  Petitioner seeks to compel respondent and
5 the real party in interest, the State of California, to vacate the state court judgment and release
6 petitioner through a writ under California Code of Civil Procedure §§ 1085 and 1086.  (Id.)
7    This Court lacks subject matter jurisdiction to issue such a writ.  See Hill, 466 F. App'x at
8 579.  Further, to the extent petitioner seeks to obtain a writ under 28 U.S.C. § 1361 or 28 U.S.C.
9 § 1651, the Court also lacks subject matter jurisdiction over such a request.  A "request for a writ
10 of mandamus does not itself create federal subject matter jurisdiction."  Robb v. California Air
11 Res. Bd., 2023 WL 7092105, at *2 (E.D. Cal. Oct. 26, 2023) (citing Mance v. U.S., 2007 WL
12 1546094, at *1 (D. Ariz. May 24, 2007)).  The petition for writ of mandate does not allege facts
13 that state a federal claim for relief.[3]  The petition does not assert any right arising under federal
14 statute, treaty, or the Constitution that would confer jurisdiction upon this Court pursuant to
15 28 U.S.C. § 1331.  Instead, petitioner primarily relies on state law and state regulations.[4]
16    The Court lacks subject matter jurisdiction to issue a writ of mandate as petitioner prays.
17 See Demos, 925 F.2d at 1161-62.  Accordingly, the petition for a writ of mandate should be
18 dismissed for lack of subject matter jurisdiction.
19 V.    CONCLUSION
20    Accordingly, IT IS HEREBY RECOMMENDED that:
21    1.  The second amended petition (ECF No. 16) be summarily dismissed.
22    2.  Petitioner's petition for writ of mandate (ECF No. 18) be denied.

---

[3] As noted in the Court's prior findings and recommendations, "[t]he 'sufficiency of an indictment or information is primarily a question of state law."  (ECF No. 15 at 7 n.4. (citations omitted).)

[4] Petitioner again relies on a default judgment.  (ECF No. 18 at 4, 9.)  But to the extent his reference to a default judgment is to the default judgment entered in the Alameda County Superior Court, Case No. RG20078772, such reliance is unavailing because the default judgment was subsequently set aside and thus has no legal effect.  (ECF No. 15 at 6-7.)

1    3. This action be terminated.

2    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 11, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/samm1987.fr